UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION No.

| | | |
|---|---|---|
| **BACIO, LLC** | * | |
| | * | |
|    PLAINTIFF | * | |
| vs. | * | |
| | * | **COMPLAINT** |
| **NORTHERN SECURITY** | * | |
| **INSURANCE COMPANY** | * | |
| | * | |
|    DEFENDANT | * | |

Respectfully represents the Plaintiff as follows:

A.   **Facts Common To Both Counts.**

1.   Plaintiff is a limited liability company organized under the laws of the Commonwealth of Massachusetts. For purposes of citizenship, it is the citizenship of its sole member, Matteo Gallo, a citizen of said Commonwealth. Within the purview of Massachusetts G.L.c. 93A, § 2, Plaintiff is engaged in trade and commerce.

2.   Defendant is a corporation organized under the laws of the State of Vermont and having a principal place of business at 89 State Street in Montpelier, Vermont. Within the purview of said G.L.c. 93A, § 2, Defendant is engaged in trade and commerce.

1

3. On December 29th 2012, Defendant issued to Plaintiff a policy of insurance, which policy (the Policy) provided, *inter alia*, coverage to the insured for loss due to water damage resulting from a leak in a water sprinkler system. A copy of the policy is annexed hereto.

4. The Policy covered the premises (the Premises) at 11 Sheafe Street, Boston, Massachusetts, which premises were owned by Plaintiff at all times material to this action. The Premises are a multi-unit residential building, whose units are rented by Plaintiff to tenants.

5. On or about March 19th 2013, while the Policy was in full force and effect, in a top-floor unit a sprinkler head in the sprinkler system, whose purpose was to extinguish a fire if one should occur, began to leak and caused considerable damage to the Premises. There was no fire, and the cause of the leak is unexplained.

6. Plaintiff immediately made a claim under the Policy for damages caused by the leak, which damages were in excess of seventy-five thousand ($75,000.00) dollars.

7. Until July 23rd 2013, Plaintiff heard nothing from Defendant about the status of its claim. On or about July 20th 2013, Plaintiff received a

letter from a Massachusetts attorney retained by Defendant asking it to provide documents for inspection. Plaintiff by its attorney provided all such documents available to it on August 12th 2013.

letter from a Massachusetts attorney retained by Defendant asking it to provide documents for inspection. Plaintiff by its attorney provided all such documents available to it on August 12th 2013.

8. On November 21st 2013, Defendant by the same attorney examined Plaintiff's principal under oath. Plaintiff's principal answered to the best of his ability all questions put to him at that examination.

9. At the examination Defendant's attorney asked Plaintiff to produce further documents. On November 22nd 2013, these documents were produced.

10. On December 4th 2013, Defendant's attorney requested that Plaintiff sign an authorization for Defendant to request from a store at which Plaintiff had purchased supplies used in the repair of certain damages to The Premises. Plaintiff's principal promptly signed the authorization, and Plaintiff's attorney sent the signed authorization to Defendant's attorney.

11. To date, Defendant has not paid the claim made by Plaintiff or offered any money in relation to the same. Nor has it denied the claim.

12. Jurisdiction of this action is founded upon the provisions of Title 28 U.S.C. §1332. There is complete diversity of citizenship, and the amount in controversy exceeds seventy-five thousand ($75,000.00) dollars.

## COUNT I

13. Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 of this complaint.

14. Under the Policy, which was a contract then subsisting between Plaintiff and Defendant, Plaintiff was entitled to be paid within a reasonable time for the losses that it sustained as a result of the sprinkler leakage on March 19th 2013.

15. Plaintiff has performed all conditions required to it under the Policy, and Defendant has no reason in law or fact for not paying Plaintiff on its claim.

16. In breach of its agreement, Defendant has neglected to pay Plaintiff for such loses within a reasonable time. By virtue of such breach, Plaintiff has suffered a loss of money.

## COUNT II

17. Plaintiff incorporates by reference the allegations of paragraphs 1 through 16 of this complaint.

18. Section 3(a) (b) (c) (d) (e) (f) and (g) of the Massachusetts G.L.c.176D states:

(9) An unfair claim settlement practice shall consist of any of the following acts or omission:. . . . . . .

(b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

(c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(d) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

(e) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(f) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

(g) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such imsureds.

19. By refusing to pay Plaintiff's claim, Defendant has violated its duties under subparagraphs (b), (d), (e), (f) and (g) quoted above. On information and belief, it also has violated its duty under subparagraph (c). All or substantially all of Defendant's errors and omission occurred in Massachusetts.

20. Under Massachusetts law, which is the applicable law with respect to this action, a party like Plaintiff that suffers a loss of money as a consequence of a violation of G.L.c. 176D, §3 has a cause of action to recover the amount of that loss, trebled, as well as attorney's fees and costs, in an

action under G.L.c. 93A, §11.  *E.g. Northern Security Ins. Co. v. R&H Realty Trust*, 78 Mass. App. Ct. 691, 696 n.12, 941 N.E. 2d 688 (2011).  This count is founded upon said § 11.

WHEREFORE, Plaintiff demands

1. damages;

2. treble damages, attorney's fees and costs;

3. all other appropriate relief.

BACIO, LLC
By its attorney

David Berman
BBO No. 040060
100 George P. Hassett Drive
Medford, Massachusetts 02155
Tel. No.  (781) 395-7520
Fax. No. (781) 395-9658
*Davidberman2@verizon.net*

[01]-05.2014.Northern.Security